[Cite as *Moore v. Ohio State Penitentiary*, 2010-Ohio-4973.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WARD L. MOORE, JR.

      Plaintiff

      v.

OHIO STATE PENITENTIARY, et al.

      Defendants
      Case No. 2007-09658

Judge Joseph T. Clark
Magistrate Robert Van Schoyck

JUDGMENT ENTRY

{¶ 1} On March 11, 2010, the magistrate issued a decision recommending judgment for defendants, the Ohio State Penitentiary (OSP) and the Ohio State Highway Patrol (OSHP).

{¶ 2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)."

{¶ 3} On March 23, 2010, plaintiff filed his objections. On April 1, 2010, the court issued an entry directing plaintiff to provide the court with proof of service of the objections upon defendants. On June 17, 2010, the court issued an entry granting plaintiff's motion for an extension of time to provide proof of service. On July 26, 2010, defendants filed a response to plaintiff's objections.

{¶ 4} At all times relevant to this action, plaintiff was an inmate in the custody and control of OSP pursuant to R.C. 5120.16. Plaintiff brought this action alleging that

he was assaulted by an employee of OSP, Doug Carter, then a corrections lieutenant, during an altercation between inmates and staff on November 8, 2007. The incident occurred at pod A7, where plaintiff resided with seven other inmates. One of those inmates, Ernie Marshall, initiated the conflict by complaining to Corrections Officer (CO) Gordon and becoming aggressive about a "shakedown" that had been conducted of his cell. Other inmates who had congregated in a common area became involved and began shouting in support of Marshall. Assistance was summoned, and Marshall was removed from the pod. However, other inmates continued their shouting and refused to return to their cells. Plaintiff was one of the inmates who refused to return to his cell. Ultimately, Carter took plaintiff to the ground and handcuffed him. Plaintiff has alleged that Carter used excessive force against him, and that OSHP was negligent in its investigation of the occurrence.

**{¶ 5}** The magistrate found that Carter used lawful force against plaintiff in accordance with Ohio Adm.Code 5120-9-01(C) and that such force was reasonable under the circumstances. Although there was conflicting testimony, the magistrate found that plaintiff's version of the incident lacked credibility and noted that plaintiff admitted that he had refused direct orders to return to his cell and had argued with officers in the context of a dangerous altercation between multiple inmates and staff in a maximum security prison. The magistrate concluded that plaintiff failed to prove his assault claim by a preponderance of the evidence. With respect to his claim against OSHP, the magistrate found that plaintiff failed to present any evidence that would support such a claim.

**{¶ 6}** Plaintiff has filed multiple objections to the magistrate's recommendation. His fourth, fifth, sixth, seventh, eighth, tenth, eleventh, thirteenth, fourteenth, and sixteenth objections concern factual findings with regard to credibility of witnesses and details of the occurrence. Civ.R. 53(D)(3)(b)(iii) provides in pertinent part that: "[a]n objection to a factual finding, whether or not specifically designated as a finding of fact

under Civ. R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Plaintiff did not file either a transcript or an affidavit of the relevant evidence as required by Civ.R. 53, therefore, the fourth, fifth, sixth, seventh, eighth, tenth, eleventh, thirteenth, fourteenth, and sixteenth objections are OVERRULED.

{¶ 7} In plaintiff's first objection, plaintiff argues that the magistrate erred by allowing one of defendants' employees to testify at trial after having heard the testimony of all of the previous witnesses. To the extent that plaintiff contends that the magistrate violated a pretrial order requiring the separation of witnesses, the record contains no such order and in the absence of a transcript the court is unable to determine whether such an order was made by the magistrate just prior to trial. Moreover, even if such an order had been issued, the rules of evidence do not authorize exclusion of "an officer or employee of a party that is not a natural person designated as its representative by its attorney." See Evid.R. 615(B)(2). Without a transcript, the court is unable to determine whether the employee at issue was defendant's designated representative. Accordingly, plaintiff's first objection is overruled.

{¶ 8} In plaintiff's ninth objection, plaintiff argues that defendant failed to introduce certain videotaped evidence at trial. The record reveals that on April 2, 2008, the court granted plaintiff's motion to preserve a videotape allegedly made of the incident in question "to the extent that such evidence exists," but the record does not reveal whether such evidence exists and, if it does, whether plaintiff demanded such evidence in discovery. The absence of a trial transcript further handicaps the court in determining any merit contained within plaintiff's objection. Accordingly, plaintiff's ninth objection is OVERRULED.

{¶ 9} Plaintiff's second, third, fifteenth, and seventeenth objections take issue with the magistrate's ruling on OSP's motion to quash subpoenas issued for three of its employees, one former employee, and one inmate. The magistrate denied the motion

but found that the subpoenas were unenforceable. The magistrate noted and the record confirms that plaintiff failed to tender the appropriate witness fees and provided incorrect service addresses for both the former employee and inmate. Therefore, the magistrate did not err in determining that the subpoenas were not properly served in accordance with Civ.R. 45(B).

{¶ 10} Finally, plaintiff's twelfth objection asserts that he was entitled to a free transcript. The court addressed that issue in its April 1, 2010 entry, wherein it held that there is no provision in the law for a free transcript to civil litigants. Therefore, plaintiff's twelfth objection is OVERRULED.

{¶ 11} Having overruled each of plaintiff's objections, the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein. Judgment is rendered in favor of defendants. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

 

 

_____
JOSEPH T. CLARK
Judge

cc:

Peter E. DeMarco
Stephanie D. Pestello-Sharf
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Ward L. Moore, Jr., #408-496
Southern Ohio Correctional Facility
P.O. Box 45699
Lucasville, Ohio 45699

LH/cmd
Filed September 28, 2010
To S.C. reporter October 12, 2010